UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERMELL MCLEAN,

                            Plaintiff,                    9:19-cv-1227 (BKS/ATB)

v.

THEODORE HARRIS and
TODD RAYMOND,

                            Defendants.
_____

**Appearances:**

*Plaintiff, pro se:*
Jermell McLean
17-A-5095
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

*For Defendants:*
Letitia James
Attorney General of the State of New York
Lauren Rose Eversley
Steve Nguyen
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Jermell McLean, a New York State inmate proceeding pro se, commenced this action under 42 U.S.C. § 1983 alleging that individuals employed by the Franklin Correctional Facility were deliberately indifferent to his medical needs. (Dkt. No. 1). On June 11, 2020, Defendants filed a motion for summary judgment seeking dismissal of the complaint in its entirety for failure to exhaust administrative remedies or, in the alternative, dismissal of

Defendant Superintendent Darwin LaClair under Fed. R. Civ. P. 12(b)(6) based upon a failure to allege his personal involvement in the alleged constitutional violation. (Dkt. No. 17). United States District Court Judge Lawrence E. Kahn granted the motion to dismiss LaClair, but found that Defendants had "failed to demonstrate the absence of a material factual dispute as to whether the grievance process at Franklin C.F. was 'unavailable' due to machinations or misrepresentations of prison officials who inhibited the filing of Plaintiff's submissions." (Dkt. No. 25, at 17). Judge Kahn concluded that an evidentiary hearing was warranted to determine whether Plaintiff had properly exhausted administrative remedies, and referred this matter to United States Magistrate Judge Andrew T. Baxter. (*Id.* at 18; Dkt. No. 27). [1]

After giving Plaintiff an opportunity to conduct discovery regarding the exhaustion issue, (Dkt. No. 28), Magistrate Judge Baxter appointed pro bono counsel for Plaintiff for the exhaustion hearing, (Dkt. No. 35), and held an evidentiary exhaustion hearing on December 21, 2021 and January 6, 2022, (Dkt. No. 62, at 4). On February 9, 2022, Magistrate Judge Baxter issued a Report and Recommendation, concluding that "[b]ased on the evidence of record and [an] evaluation of the plaintiff's testimony," Plaintiff's "version of his repeated efforts to try [sic] exhaust his administrative remedies is not credible." (*Id.* at 23). Magistrate Judge Baxter found that Plaintiff failed to sustain his burden of production that the grievance process was not available to him, and that the Defendants established, by a preponderance of the evidence, that Plaintiff did not exhaust administrative remedies that were available to him. (*Id.*). Accordingly, the Report recommended ruling that the surviving claims in the amended complaint be dismissed. (*Id.* at 23–24). Plaintiff filed a timely objection to the Report and Recommendation. (Dkt. No. 66).

---

[1] This case was reassigned to the undersigned on October 20, 2021. (Dkt. No. 39).

2

This court reviews *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Petersen*, 2 F. Supp. 3d at 229.

Here, Plaintiff challenges Magistrate Judge Baxter's credibility determination. (Dkt. No. 66). Plaintiff states: "like I said I never had any issues with any officers an never had to put in a grievance or a claim. So why would just come out the woodwork's and lie on these officers or about putting my grievance in that don't make since." (*Id.*).[2] Plaintiff did not identify any other basis for his objection to the Report.

In conducting a de novo review, "the district court must give appropriate deference to the credibility determinations made by the magistrate judge who conducted an evidentiary hearing and observed the witness testimony." *United States v. Whitaker*, 342 F. Supp. 3d 391, 393 (W.D.N.Y. Dec. 3, 2018); *see Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district

---

[2] The Court has stated Plaintiff's objection verbatim, without correction of grammar or spelling.

judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)).

Having considered Plaintiff's objection in light of the record in this case, the Court does not find a basis for rejecting Magistrate Judge Baxter's credibility determination or conducting another evidentiary hearing. Magistrate Judge Baxter expressly recognized and considered the fact that Plaintiff denied having any issues with the correction officer in the infirmary or "in general with the officers at Franklin." (Dkt. No. 62, at 16). Magistrate Judge Baxter, however, also recognized that the "determination as to whether plaintiff attempted to exhaust administrative remedies . . . would require an evaluation of the plaintiff's credibility versus the persuasiveness of the defendant's testimony about the integrity of the grievance process and the record keeping of the IGP at Franklin." (*Id.* at 19). And Plaintiff has not challenged the findings in the Report and Recommendation that support the credibility determination. Having reviewed these findings for clear error, and found none, the Court notes that Magistrate Judge Baxter's credibility determination is supported by the following findings:

- Plaintiff made inconsistent statements regarding his alleged third, September 2019, letter to the Inmate Grievance Program ("IGP") Supervisor at Franklin regarding the incident at issue, (*id.* at 14–15, 21);

- Plaintiff's "inconsistent statements" regarding this communication "undermine[] his credibility and cast[] substantial doubt on his claim that he previously attempted to submit a grievance," (*id.* at 21);

- "[N]one of the three documents that plaintiff claimed to submit were found in the files of the Franklin IGP," (*id.* at 20);

- "There is no evidence in the record to suggest that anyone other than the two defendants would have had any reason to divert plaintiff's correspondence to the IGP," and "it seems highly unlikely that the defendants could have succeeded in blocking all three submissions by plaintiff . . . over a period of approximately two months," (*id.* at 22);

- Plaintiff's testimony that Department of Corrections and Community Supervision ("DOCCS") personnel in Albany told his daughter in the fall of 2019 that they had no record of any grievance filed by Plaintiff was contradicted by the defense witness who oversees the entire DOCCS IGP program and testified that her staff in Albany "would not disclose information about inmate grievances to any third party, including family members of an inmate," (*id.* at 16–17, 23); and

- "[T]he testimony of the defense witnesses credibly established that the grievance process at Franklin was sufficiently reliable that all three submissions plaintiff purportedly made to the IGP in Franklin . . . would not have been lost or diverted" (*id.* at 23).

After novo review, the Court accepts Magistrate Judge Baxter's credibility determination. Having reviewed the remainder of the Report and Recommendation for clear error and found none, the Court adopts the Report and Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 62) is **ADOPTED** in all respects; and it is further

**ORDERED** that the surviving claims in Plaintiff's amended complaint (Dkt. No. 9) are **DISMISSED** for failure to exhaust administrative remedies; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge